**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES CHAVEZ, | No. 17-15541 |
| Petitioner-Appellant, | D.C. No. 3:13-cv-00548-MMD-WGC |
| v. | |
| ROBERT LEGRAND, Warden and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 15, 2018[**]
San Francisco, California

Before: MURPHY,[***] PAEZ, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

James Chavez petitions for a writ of habeas corpus under 28 U.S.C. § 2254 after he was convicted on four counts of sexual assault of his minor child, D.C., in violation of Nevada Revised Statute section 200.366. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we affirm.

Habeas relief is precluded because the Nevada Supreme Court's decision was neither contrary to, nor an unreasonable application of, *Crawford v. Washington*, 541 U.S. 36 (2004).[1] *See* 28 U.S.C. § 2254(d). *Crawford* suggested that "a preliminary hearing at which the defendant had examined the witness" may provide a meaningful opportunity for cross-examination. 541 U.S. at 58. At a minimum, "fairminded jurists could disagree," *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)), as to whether the preliminary hearing in this case satisfied the Confrontation Clause pursuant to *Crawford* because Chavez's attorney had an opportunity to cross-examine D.C. and took advantage of that opportunity.

**AFFIRMED.**

---

[1] Chavez does not argue that the Nevada Supreme Court's decision was based on an unreasonable determination of fact.